IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| TONI ANN ZERTUCHE, Individually, § <br> as Wrongful Death Beneficiary of § <br> ANTHONY ZERTUCHE, Deceased and as § <br> Next Friend to APRIL MONTOYA, a minor, § <br> DEMETRIOUS MONTOYA, a minor, and § <br> CHRISTINE RICCARDI, a minor § <br> ANTONIO ZERTUCHE and § <br> GEORGANNA ZERTUCHE as Wrongful § <br> Death Beneficiaries of ANTHONY § <br> ZERTUCHE, Deceased and § <br> NATHAN ENGELKING § <br>     Plaintiffs § <br> § <br> v. § <br> § <br> COVENANT TRANSPORT, INC., and § <br> HAROLD DENNIS MITCHELL § <br>     Defendants § | | FILED <br><br> MAR 29 2005 <br><br> CLERK, U.S. DISTRICT COURT <br> WESTERN DISTRICT OF TEXAS <br> BY _____ <br>     DEPUTY CLERK <br><br> P-05-CV-006 |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND REMANDING CASE TO THE 394TH JUDICIAL DISTRICT COURT OF HUDSPETH COUNTY, TEXAS

BEFORE THE COURT IS Defendants' Notice of Removal, filed February 1, 2005; Plaintiffs' Motion to Remand, filed February 18, 2005; Defendants' Response to Plaintiffs' Motion to Remand, filed February 23, 2005; and Plaintiffs' Reply to Defendants' Response to Motion for Remand, filed March 3, 2005.

### BACKGROUND

On or about October 19, 2004, Plaintiffs filed a civil action against Defendants in the 394th Judicial District Court of Hudspeth County, Texas. In the suit, Defendant Mitchell, and his employer, Defendant Covenant Transport, are accused of negligence and gross negligence. Specifically, Plaintiffs allege that while Defendant Mitchell was working in the scope and course of



his employment with Defendant Covenant Transport, he negligently operated an eighteen wheeler tractor-trailer and hit a truck in which Plaintiffs were traveling. Plaintiffs contend that Defendant Mitchell's negligence and flight from the scene led to one death and significant injuries for the surviving passengers.

On February 1, 2005, Defendants sought to remove this case from state court to federal court, arguing that removal of this case is proper because after Plaintiffs filed their Requests for Admissions and their First Amended Original Petition, it appeared that the suit raised federal questions that fall within the scope of a federal court's subject matter jurisdiction. In removing the case, Defendants contended that the complaint presented a federal question because Plaintiffs alleged Defendant Mitchell was grossly negligent when he failed to comply with federal regulations that require truck drivers to maintain logbook entries and certain hours of service. *See* 49 C.F.R. 395.8 and 49 C.F.R. 392.3. Plaintiffs then filed a Motion to Remand the Case, contending that there is no federal question at issue in this case and thus, this Court lacks jurisdiction. Defendants responded to Plaintiff's Motion to Remand, and asserted that because Plaintiffs' maintained that provisions in the Code of Federal Regulations (hereinafter "C.F.R.") were violated, a federal question exists and this Court therefore has subject matter jurisdiction over the case. Finally, Plaintiffs responded to Defendants' Reply, and re-urged their contention that federal jurisdiction is not present in this case.

## Discussion

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. *Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058, 2062 (2003). To determine whether the claim arises under federal law, the "well pleaded" allegations of the complaint must be examined and potential defenses ignored as:

"a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States."

*Beneficial Nat'l Bank* at 2062 (citations omitted). As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Id.* However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 807, 813 (1986). In determining whether a complaint alleges a federal question, a court must examine whether (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (citations omitted).

Accordingly, the Court must now examine the face of Plaintiffs' complaint to determine whether a federal question is present. Plaintiff's complaint raises two claims: negligence and gross negligence. As previously stated, Defendants removed the case on the basis of the allegations contained in the gross negligence claim. The gross negligence claim states:

> "Plaintiffs further plead that Defendant Mitchell was grossly negligent in operating a tractor-trailer rig at night on a wet road at an excessive speed, such gross negligence being a proximate cause of the accident and Plaintiffs' injuries and damages. Defendant Covenant Transport is vicariously liable for such gross negligence because Defendant Mitchell was acting in the course and scope of his employment at the time he committed the grossly negligent acts.
>
> Plaintiffs further plead that Defendant Mitchell was grossly negligent in falsifying logbook entries and in violating federal hours of service regulations prior to the accident in question, such gross negligence being a proximate cause of the accident and Plaintiffs' injuries and damages. Defendant Covenant Transport is vicariously liable for such gross negligence because Defendant Mitchell was acting in the course

and scope of his employment at the time he committed the grossly negligent acts. Plaintiffs further plead that Covenant Transport authorized and/or ratified such conduct by Defendant Mitchell and other employee drivers, as is reflected by the systemic pattern of such violations by Covenant Transport.

Plaintiffs further plead that Defendant Mitchell committed negligence per se and gross negligence in fleeing the scene of the accident and failing to stop and render aid to the Plaintiffs, such negligence being a proximate cause of Plaintiffs' injuries and damages. Defendant Covenant Transport is vicariously liable for such statutory and gross negligence because Defendant Mitchell was acting in the course and scope of his employment at the time he committed the grossly negligent acts."

After due consideration, the Court finds that the face Plaintiff's complaint does not clearly state a federal claim. Plaintiffs' gross negligence claim is predicated on several different allegations, including that Defendant Mitchell (1) was speeding on a wet road at night, (2) falsified logbook entries, (3) violated federal hours of service regulations, (4) fled the scene, and (5) failed to stop and render aid after the accident. Although the complaints related to falsified logbook entries and violation of federal hours of service regulations arise from provisions found in the C.F.R., the provisions do not form essential elements of the state law gross negligence claim. The Court finds that Plaintiffs do not have to prove that the C.F.R. provisions were violated in order to prevail on their gross negligence claim.[1] The violations arising from the provisions set forth in the C.F.R. are merely a part of the contentions forming the basis for Plaintiffs' gross negligence claims. Defendants have not shown that the violation of a federal right is an essential element of the claim. Moreover, the Court has found no evidence that demonstrates that the provisions found in the C.F.R.

---

[1] " 'To sustain a cause of action for negligence it is necessary to produce evidence of a duty, a breach of that duty, proximate cause and damage.' "*Bykowicz v. Pulte Home Corp.*, 950 F.2d 1046, 1053 (5th Cir. 1992) (citing *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex.1984)). " 'What lifts ordinary negligence into gross negligence is the mental attitude of the defendant; that is what justifies the penal nature of the imposition of exemplary damages.' " *Id.* (citing *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981)).

create a private cause of action. It is well settled that a federal law that forms an essential element of a claim must establish a cause of action. *Merrill Dow Pharmaceuticals, Inc.*, 478 U.S. 817.

In addition, Defendants have not shown that interpretation of a federal right is necessary to resolve the case. A violation of the C.F.R. provisions at issue here is not necessary to establish Plaintiffs' state law claim for gross negligence. Furthermore, the violations of the C.F.R. provisions are one of several grounds that form the basis of the gross negligence claim. Because the alleged violations of the C.F.R. provisions are "alternative theor[ies] supporting a single claim, the federal questions is not a *necessary* element of the state claim, and thus does not create federal question jurisdiction." *Howery*, 243 F.3d at 918 (emphasis in original).

Finally, in accordance with the findings above, the Court finds that Defendants have not shown that the question of federal law is substantial. As such, the Court finds federal jurisdiction does not exist in this case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, filed February 18, 2005, is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall be remanded to the 394th Judicial District Court of Hudspeth County, Texas.

**IT IS FINALLY ORDERED** that all other Motions pending before this Court are **DENIED AS MOOT**.

SIGNED on this 17 day of MARCH, 2005.

ROBERT JUNELL
United States District Judge
Western District of Texas