IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION



**ORIGINAL**

FILED
MAR 3 0 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| TONI ANN ZERTUCHE Individually, as Wrongful Death Beneficiary of ANTHONY ZERTUCHE, Deceased and as Next Friend to APRIL MONTOYA, a Minor, DEMETRIOUS MONTOYA, a Minor, CHRISTINE RICCARDI, a Minor, ANTONIO ZERTUCHE and GEORGANNA ZERTUCHE as Wrongful Death Beneficiaries of ANTHONY ZERTUCHE, Deceased, and NATHAN ENGLEKING, Plaintiffs, §§§§§§§§§§§§§§ | |
| vs. §§ | Civil Action No.: P-05-CV-06 |
| COVENANT TRANSPORT, INC., and HAROLD DENNIS MITCHELL, Defendants. §§§§ | |

### DEFENDANTS' AGREED MOTION FOR LEAVE TO FILE AMENDED PLEADING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Covenant Transport, Inc. and Harold Dennis Mitchell, Defendants in the above-entitled and numbered cause and request leave of court to file an amended pleading, Defendants' First Amended Answer, pursuant to Local Rule CV-7(c) and F.R.C.P. 15(a). In support thereof, Defendants would show the Court the following:

#### A. Introduction

1.  Plaintiffs:    Toni Ann Zertuche
                   April Montoya
                   Demetrious Montoya
                   Christine Riccardi
                   Antonio Zertuche
                   Georganna Zertuche
                   Nathan Engleking

    Defendants:    Covenant Transport, Inc.
                   Harold Dennis Mitchell

2.    Plaintiffs sued Defendants for negligence on October 19, 2004 in the 394th District Court of Hudspeth County, Texas.

3.    Defendants filed their Original Answer and Special Exceptions in state court on November 15, 2004. Plaintiffs then filed their First Amended Original Petition in state court on January 13, 2005 wherein they alleged negligence, gross negligence and violations of the Federal Motor Carriers Act, specifically falsifying logbook entries and violations of federal hours of service regulations.

4.    On February 1, 2005 Defendants filed their Notice of Removal based on Plaintiffs' Amended Complaint and discovery requests propounded on Defendants wherein Plaintiffs raised issues of federal law that clearly fall within the scope of the federal court's subject matter jurisdiction.

### B. Argument

5.    Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *see* Fed. R. Civ. P. 15(a).

6.    The court should allow the filing of Defendants' First Amended Answer in order for Defendants to properly respond to Plaintiffs' First Amended Original Petition filed in state court wherein they asserted new allegations against these Defendants, specifically gross negligence and violations under the Federal Motor Carriers Act.

7.    Plaintiffs will not be prejudiced by Defendants' amended pleading because a) this is a response to Plaintiffs' amended pleading; b) formal discovery has not been initiated; c) no depositions have been scheduled or completed; and d) this filing is prior to the deadline to file amended pleadings under the Court's Scheduling Order entered in this matter.

Further, Defendants would be prejudiced if not allowed to amend their pleadings to fully and properly respond to all claims made against them in Plaintiffs' First Amended Petition.

8. Defendants are filing their First Amended Answer contemporaneously with this motion, *see copy attached hereto as Exhibit "A"*.

### C. Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants Covenant Transport, Inc. and Harold Dennis Mitchell ask the Court to grant leave to file Defendants' First Amended Answer in order for Defendants to fully respond and answer to each and every allegation made against them and to ensure fair and equal justice to all parties.

Respectfully submitted,

WOLFE & ASSOCIATES
608 Broadway
P.O. Box 2742
Lubbock, Texas 79408-2742
Telephone: 806-749-3727
Telecopier: 806-749-3668

_____
Billy R. Wolfe
SBN: 21855900

ATTORNEYS FOR DEFENDANTS



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| TONI ANN ZERTUCHE, Individually, as Wrongful Death Beneficiary of ANTHONY ZERTUCHE, Deceased, and as Next Friend to APRIL MONTOYA, a Minor, DEMETRIOUS MONTOYA, a Minor, CHRISTINE RICCARDI, a Minor, ANTONIO ZERTUCHE and GEORGANNA ZERTUCHE as Wrongful Death Beneficiaries of ANTHONY ZERTUCHE, Deceased, and NATHAN ENGLEKING, Plaintiffs, vs. COVENANT TRANSPORT, INC., and HAROLD DENNIS MITCHELL, Defendants | § § § § § § § § § § § § § § § § § § § | Civil Action No.: P 05 CV 06 |

## AMENDED ANSWER OF COVENANT TRANSPORT, INC., AND HAROLD DENNIS MITCHELL

Defendants COVENANT TRANSPORT, INC., and HAROLD DENNIS MITCHELL, answer Plaintiffs' First Amended Original Petition by reference to each numbered paragraph of Plaintiffs' First Amended Original Petition, as follows:

1. Defendants admit the introductory paragraph.

2. Defendants admit at the time of filing in the state court, the allegations of paragraph I.

3. Defendants admit that Plaintiff Toni Ann Zertuche purports to bring this action individually and on behalf of the wrongful death beneficiaries of Anthony Zertuche and as Next Friend of April Montoya, Demetrious Montoya and Christie Riccardi, Minors. Defendants lack sufficient information to admit or deny the representative capacity of Toni Ann Zertuche alleged in Paragraph II, first sentence.



4.     Defendants deny Paragraph II, sentence 1, as it relates to Toni Ann Zertuche being a resident of El Paso County, Texas.

5.     Defendants lack sufficient information to admit or deny sentence number 2 of Paragraph II.

6.     Defendants deny sentence 3 of Paragraph II.

7.     Defendant Covenant Transport, Inc., admits sentence 4 of Paragraph II.

8.     Defendant Harold Dennis Mitchell admits sentence 5 of Paragraph II.

9.     Defendants deny sentence 1 of Paragraph III, following Plaintiffs' Amending of Plaintiffs' Original Petition. Defendants admit that this Court has jurisdiction and is a proper venue, based upon Plaintiff's First Amended Petition.

10.    Defendants admit that, at approximately 2:00 a.m. (M.S.T.), Nathan Engleking was driving a pick-up on east-bound I-10 near Fort Hancock, Texas, as alleged in Paragraph IV, sentence 1.

11.    Defendants admit that Christie Riccardi was a passenger riding inside of the pick-up cab; otherwise, sentence 2 of Paragraph IV is denied.

12.    Defendants admit that Anthony Zertuche, deceased, Toni Ann Zertuche, April Montoya and Demetrious Montoya were passengers riding or sleeping in the bed of the pick-up as alleged in sentence 2 of Paragraph IV.

13.    Defendants admit that Plaintiffs' vehicle was struck by Defendant, Harold Dennis Mitchell; otherwise, sentence 3 of Paragraph IV is denied.

14.    Defendants admit sentence 4 of Paragraph IV.

15.    Defendants admit that Anthony Zertuche died; otherwise, sentence 5 of Paragraph IV is denied.

16. Defendants admit that some passengers received injuries, the extent of which is unknown to Defendants; otherwise, Defendants deny the allegations of sentence 6 of Paragraph IV.

17. Defendant Covenant Transport, Inc., lacks sufficient knowledge to admit or deny sentence 7 of Paragraph IV.

   Defendant Harold Dennis Mitchell invokes his Fifth Amendment Rights as guaranteed by the U.S. Constitution; therefore, sentence 7 of Paragraph IV is denied.

18. Defendants deny the allegations of Paragraph V (a) through (d).

19. Defendant Covenant Transport, Inc., admits that Harold Dennis Mitchell was acting in the course and scope of his employment at the time of the actual accident, as alleged in Paragraph 5, sentence 2; otherwise, sentence 2 of Paragraph V is denied.

20. Defendant Covenant Transport, Inc., denies Paragraph 5, sentence 3, as relates to negligently entrusting its vehicle to an improperly trained employee; therefore, Paragraph 5, sentence 3 is denied.

21. Defendants deny Paragraph VI, sentence 1.

22. Defendants deny Paragraph VI, sentence 2.

23. Defendants deny Paragraph VI, sentence 3.

24. Defendant Covenant Transport, Inc., denies Paragraph VI, sentence 4.

25. Defendant Covenant Transport, Inc., denies Paragraph VI, sentence 5.

26. Defendant Harold Dennis Mitchell invokes his Fifth Amendment rights as guaranteed by the U.S. Constitution; therefore, Paragraph VI, sentence 6 is denied.

27. Defendant Covenant Transport, Inc., denies Paragraph VI, sentence 7.

28. Paragraph VI, sentence 8 is denied.

29. Paragraph VI, sentence 9 is denied.

30. Paragraph VI, sentence 10 is denied.

31. Plaintiffs seek the recovery set forth in Paragraph VII, but Defendant denies that Plaintiffs are entitled to the recovery sought. Defendants do not have sufficient information to admit or deny the relationships of Plaintiffs, nor the extent of Plaintiffs' alleged injuries; therefore, Paragraph VII is denied.

32. Defendants deny Plaintiffs are entitled to the relief requested in their prayer in Plaintiffs' First Amended Original Petition.

## **AFFIRMATIVE DEFENSES**

In addition, Covenant Transport, Inc., and Harold Dennis Mitchell assert the following defenses, without assuming the burden of proof on those that are necessary elements of Plaintiffs' claims which must, but cannot be proven in order for Plaintiffs to recover or as may not be recoverable as a matter of law.

1. Pursuant to F.R.C.P. 8(b), Defendants generally deny the allegations or averments of Plaintiffs, except as specifically admitted herein previously.

2. The accident made the basis of this suit was the result of an emergency which arose suddenly and unexpectedly, not proximately caused by an act or omission of Defendants.

3. Acts and/or omissions of a separate or independent agency, not reasonably foreseeable, destroys the causal connection, if any between the acts and/or omissions complained of regarding Defendant, or Defendants and the alleged occurrence. Consequently, the said separate and independent agency was the immediate and/or sole cause of the occurrence in question.

4. Plaintiffs' negligence was a proximate cause and/or sole cause of the accident in question.

5.      The occurrence made the basis of this suit as alleged was caused, in whole or in part, by the negligence and/or omissions of third parties who were not subject to and not within the supervision or control of Defendant or Defendants.

6.      Plaintiffs, Toni Ann Zertuche and/or Anthony Zertuche, deceased, were negligent for allowing an unlicensed, untrained driver to operate Plaintiffs' pick-up while pulling an overloaded trailer on an Interstate highway.

7.      The negligence of Plaintiffs, Toni Ann Zertuche and/or Anthony Zertuche, deceased, as the owners, and Nathan Engleking as the operator, of the pick-up and trailer involved in the accident made the basis of this suit, was a proximate cause or the sole cause of the accident and damages alleged in the following matters, but not limited to those listed:

   a.   Entrusting the pick-up to an unlicensed, untrained driver, Nathan Engleking;

   b.   Operating the pick-up and trailer on I-10 when it was loaded beyond the maximum load capacity;

   c.   Driving while fatigued or asleep;

   d.   Traveling at an excessively slow speed, to the extent of obstructing traffic on I-10;

   e.   Traveling at night on I-10 without operable lights on the trailer being pulled;

   f.   Allowing unrestrained minors to ride and/or sleep in the open bed of a pick-up while operating the pick-up on I-10;

   g.   Not allowing minors to ride in the cab of the pick-up where restraints were available to the minors;

   h.   Allowing individuals to ride in the open bed of a pick-up in violation of the Texas Transportation Code.

Each of the foregoing acts and/or omissions, singularly or in combination with others, constitutes negligence and/or negligence per se and such negligence was the sole proximate cause of the collision and resulting damages suffered by Plaintiffs.

8. Toni Ann Zertuche, Anthony Zertuche, deceased, and Nathan Engleking were joint ventures engaged in a common purpose with mutual right of control at the time of the occurrence in question and are mutually, jointly and severally responsible for the negligence of one another.

9. Assuming Plaintiffs Antonio Zertuche and Genevieve Zertuche are the natural parents of Anthony Zertuche, deceased, they are not entitled by law to receive exemplary damages, TEX.CIV.PRAC.&REM. CODE §71.004(a).

10. Plaintiffs' recovery, if any, of exemplary damages is subject to the provisions of TEX.CIV.PRAC.&REM. CODE, Chapter 41, and its limitations.

11. Defendant Covenant Transport, Inc., is not responsible for any harm resulting from the criminal act of another, TEX.CIV.PRAC.&REM. CODE §41.005(c)(1-4).

12. Exemplary damages, if any, are subject to the limitations set forth in TEX.CIV.PRAC.&REM. CODE §41.008.

13. Plaintiffs' damages, if any, for past medical care and/or future medical care are limited to those amounts proven to have been actually paid or incurred, TEX.CIV.PRAC.&REM. CODE §41.0105.

14. Defendants, still urging and relying on matters hereinabove alleged, further allege that in the unlikely event that an adverse judgment should be rendered against them in this matter, would respectfully pray for contribution, indemnity and/or all available credits as provided by the Texas Civil Practices and Remedies Code. Plaintiffs' alleged cause of action is subject to

TEX.CIV.PRAC.&REM. CODE Chapter 33, Proportionate Responsibility, §§33.001 – 33.017. Defendants hereby designate certain unknown parties as Responsible Third Parties, §33.004.

15. Plaintiffs failed to mitigate their damages, if any, by failing to have minors and adult Plaintiffs secured with seatbelts.

16. Defendant Covenant Transport, Inc., specifically denies that Defendant Harold Dennis Mitchell was in the course and scope of his employment following the initial impact with Plaintiffs' vehicle as alleged, if Defendant Harold Dennis Mitchell left the scene of the accident and/or failed to render aid. Defendant Covenant Transport, Inc., would show that, if it is proven that Defendant Mitchell left the scene of the accident, such actions by Defendant Mitchell were a deviation from the course and scope of his employment.

## JURY DEMAND

Defendants hereby request and make this full demand for a jury trial in this cause of action on all issues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants COVENANT TRANSPORT, INC., and HAROLD DENNIS MITCHELL respectfully pray for the following:

1. That Plaintiffs take nothing by their suit and that these Defendants go hence without delay with their costs;

2. All costs of court associated with the defense of this case and/or the prosecution of this claim be assessed against the Plaintiffs; and

3. Such other and further relief, both at law and in equity, to which Defendants COVENANT TRANSPORT, INC., and HAROLD DENNIS MITCHELL may show themselves justly entitled and for which they pray.

          Respectfully submitted,

          WOLFE & ASSOCIATES
          608 Broadway
          P.O. Box 2742
          Lubbock, Texas 79408-2742
          Telephone: 806-749-3727
          Telecopier: 806-749-3668

          *Original Signed By*
          *BILLY R. WOLFE*

          Billy R. Wolfe
          SBN: 21855900

          ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2005 a true and correct copy of the foregoing document has been forwarded to all counsel of record, *via facsimile* and *via certified mail, return receipt requested,* as follows:

*Via Facsimile 956-994-0741*
*Via CMRRR 7160 3901 9842 0232 7077*

**Larry Lawrence**
**One Park Place, Suite 525**
**McAllen, Texas 78503**

*Via Facsimile 281-345-2397*
*Via CMRRR 7160 3901 9842 0232 7084*

**Raymond Alexander**
**16535 Wheatfield Drive**
**Houston, Texas 77095**

          *Original Signed By*
          *BILLY R. WOLFE*

          Billy R. Wolfe